OPINION of the Court, by
Judge Logan
— This Is a suit for latid, under adverse conflicting claims. The *412 appellees rely solely on the elder patent ; so that it will only necessary to investigate the claim of the appellant. He derives his title under (he following entry :
■j wo forks were known* one only the other about half way be-Canenru"nan<i
The entry to lie at the moil because other.’ ⅜⅛ it would include a part of etf6for^he'town and its inhabitants, &c.
in aiquaremthe cardinal points, the fork of the terfoction* 'of the diagonals.
“ Isaac Hite, John Bowman, Abraham Bowman and Bowman enter 1000 acres, by virtue of a trea-warrant No. 632, between Harrodsburg and Cane run, including the forks of the path that le-adsrfrom said tQwn-t0 Q tick's and Hogan’s. May 10th, 17HG.” The only doubt as to the validity of this entry arises between two forks which are shewn and proved to have existed and been sufficiently known when the complai-entry was made. The several objects called for m the entry are all proved to have been generally known, £t is not material that the place called Qu rk’s, was well known by other names ; because it is abundantly proven to have been also generally known by the name of Quirk’s.
t here were two roads leading from Harrodsburg, both of which forked with roads leading to Hogan’s a ncj t0 Quirk's. One only existed at an earlier period, aB<^ seems to have been generally known ; the other was afterwards made, and was better known to later adVenturers or those of after acquaintance about Harrods-®ut we'aTe of opinion that either road and its forks were sufficiently known-. Hence ^results the m-quiry as tó the uncertainty produced by the one upon the other from the calls in this entry,
We cannot doubt in applying the evidence to the objects before us, as to the road and forks intended; nor can we believe that any subsequent locator would have been embarrassed in selecting the fork intended. Hogan’s and Quirk’s were each four of- five miles from Har-rodsburg,.one an eastwardly and the other a southeast-wardly course. The forks on one road were about twq miles, and on the other about half a mile from Harrods-burg. With this information, who could doubt the intention of the locator of 1000 acres of land to include the forks, and tolie bettveen Harrodsburg and Cane run, which were situated about four miles apart ? His claim, if considered as located at one place, must have encroached upon the very walls of the fort, included the adjacent improvements, and covered the greater part of the land reserved by law to its villagers. It is not probable that the locator, under this state pf facts, had ho *413 intended the forks near the town, would have described the land as lying between Harrodsburg and Cane run. Why, can it be conceived,, should he have referred to Cane run as descriptive of his land thus contiguous to Harrodsburg, and the forks of the road within a few poles of one of the town fields P It is believed no subsequent locator could consider this entry with reference to the two forks, and doubt its meaning as to the one intended. One fork is nearly equidistant between the two given places, and the appropriation would occupy about one third of the land between those places ; but at the other fork a reference to Cane run could scarcely be believed to have been thought of by the locator. It was contiguous to town, near the field, would cover the town land in its appropriation, and bind upon the fort. If we seek for a probable and rational meaningdn the locator, in order to give application to his entry, to one of the two places, and a liberal and fair construction to the call to lie between the two places referred to, we think the jntrv unquestionably good, and that the circuit court therefore erred. The claim should have been surveyed in a square to the cardinal points, with the fork of the road on Azariah’s run leading to Hogan’s and Quirk’s in the centre. And for all the land which wfil fall within the survey as made, when thus laid down, the defendants must be decreed to convey to the complainant below.
Wherefore it is decreed and ordered that the decree of the circuit court be reversed and set aside ; that the cause be remanded to said court, for a decree to be entered agreeably to the foregoing opinion, and such other decrees and orders as may be required by law and equity.